Opinión concurrente emitida por el
Juez Asociado Señor Fuster Berlingeri.
Concurro con la Mayoría del Tribunal en cuanto a que en el caso de autos medió hostigamiento sexual en el trabajo por uno de los coempleados. También concurro en *489 cuanto a que el patrono no tomó una acción apropiada para corregir la situación de hostigamiento sexual sobre la cual fue alertado, por lo que responde con daños y perjuicios por su omisión.
Con lo que no estoy de acuerdo es con toda la discusión que aparece en la opinión mayoritaria sobre la obligación del patrono, en este caso, a investigar si el hostigamiento sexual por un empleado suyo había continuado posteriormente. Aunque no descarto que exista tal obligación en ciertas situaciones, estimo que verificaciones posteriores no hubiesen convertido en adecuadas las medidas impuestas, en relación con los actos de hostigamiento aquí ocurridos.
Me parece que esta parte de la opinión mayoritaria debilita el dictamen primordial y saca de foco el asunto medular del caso. En mi criterio, al enfrentarse a las quejas de la recurrida, el patrono debió haber comenzado una investigación formal más allá de la versión del propio hostigador. Una vez verificado que, en efecto, éste había desplegado la conducta ilícita, el patrono debió despedir de inmediato al hostigador. Nótese que el hostigador aquí negó su conducta cuando el patrono le inquirió sobre ello. El hostigador, pues, le mintió al patrono sobre los hechos. Nótese, además, que otra empleada también se había quejado de actos de hostigamiento por la misma persona. Frente a estas circunstancias, el patrono debió despedir al hostigador, tal como lo iba a hacer originalmente. Al no efectuar ese despido, asumió la responsabilidad por los actos de hostigamiento posteriores. Resuelto lo anterior, no es necesario dilucidar nada más.